**Reversed and Remanded and Majority and Dissenting Opinions on Remand filed December 18, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00500-CR

_____

### JOSEPH DELAFUENTE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law
Waller County, Texas
Trial Court No. CC09-704**

## DISSENTING OPINION ON REMAND

The majority concludes that the trial court abused its discretion in denying appellant's motion to suppress because, in the majority's view, the record does not support a reasonable suspicion that appellant violated the law. I respectfully dissent. The record evidence is sufficient to support the officer's reasonable

suspicion to initiate the traffic stop. For this reason, this court should affirm the trial court's judgment.

## BACKGROUND

During a traffic stop, appellant, who was a passenger in the stopped vehicle, was arrested and charged with the class B misdemeanor of possession of marijuana. He filed a motion to suppress evidence, challenging the officer's reasonable suspicion for initiating the traffic stop. Following a hearing, the trial court denied appellant's motion to suppress. Appellant then pleaded "guilty" to the charged offense. The trial court assessed appellant's sentence at three days' confinement and levied a fine. Appellant now challenges the trial court's denial of his motion to suppress, asserting in a single issue that the trial court erred in refusing to suppress evidence because the State did not produce evidence of specific, articulable facts demonstrating that a reasonable suspicion existed for the traffic stop. The majority agrees with appellant's assertion. But, the record evidence supports the trial court's ruling.

## STANDARD FOR REASONABLE-SUSPICION DETERMINATION

An officer may stop and detain a person if the officer has reasonable suspicion that a traffic violation was in progress or had been committed. *Kelly v. State*, 331 S.W.3d 541, 549 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *Mount v. State*, 217

2

S.W.3d 716, 727–28 (Tex. App.—Houston [14th Dist.] 2007, no pet.). This is an objective standard that requires the court to disregard any subjective intent of the officer making the stop and look solely to whether an objective basis for the stop exists. *Ford*, 158 S.W.3d at 492. A reasonable-suspicion determination is made by considering the totality of the circumstances. *Id.* at 492–93.

EVIDENCE SUPPORTING THE TRIAL COURT'S DETERMINATION

The record reflects that on June 24, 2009, at approximately 9:12 a.m., Officer Brian Davis was patrolling Interstate 10 in Waller County when he observed traffic congestion in the inside, westbound lane and moderate traffic volume. Officer Davis saw the vehicle in which appellant was a passenger traveling below the speed limit of 65 miles per hour, leading the officer to believe the vehicle was impeding traffic. Using his Doppler radar unit, Officer Davis calculated the speed of the vehicle at 52 miles per hour. Officer Davis then initiated a traffic stop by activating his patrol unit's rear emergency lights to move from the center lane to the inside lane, where the vehicle was moving. According to the officer, the vehicle immediately yielded to the inside shoulder. Upon approaching the vehicle, Officer Davis instantly detected a strong odor of marijuana. Appellant admitted the marijuana belonged to him.

As reflected in his report, Officer Davis had reason to believe the vehicle was impeding traffic. Under Texas law, "an operator may not drive so slowly as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law." Tex. Transp. Code Ann. § 545.363(a) (West 2011). As the majority points out, in interpreting section

3

545.363(a) of the Texas Transportation Code, Texas courts have held that slow driving, in and of itself, is not a violation of the statute; a violation occurs only when the normal and reasonable movement of traffic is impeded. *Tex. Dep't of Pub. Safety v. Gonzales*, 276 S.W.3d 88, 93 (Tex. App.—San Antonio 2008, no pet.). Courts have held that this statute is violated if there is evidence that traffic was backed up due to the driver's slow driving or that the driver's vehicle was completely stopped in a lane of traffic. *See id.*

Although the majority concludes that Officer Davis's offense report lacks any evidence that the normal and reasonable movement of traffic was impeded by the slow driving of the vehicle, the record contains sufficient facts to support Officer Davis's belief that the vehicle was impeding traffic. *See, e.g.*, *id.* (concluding no evidence existed to find normal and reasonable flow of traffic was impeded by appellant's driving when officer could not recall traffic conditions at time of traffic stop); *Davy v. State*, 67 S.W.3d 382, 393 (Tex. App.—Waco 2001, no pet.) (holding evidence was factually insufficient to support traffic stop based on reasonable suspicion when no other cars were in area when officer stopped appellant). These facts support the trial court's reasonable-suspicion determination.

As observed by the majority, Officer Davis stated in the offense report that he "observed a traffic congestion in the inside westbound lane." The majority notes that the "report perhaps implies, but does not state, that appellant's vehicle was traveling in that lane." *See ante* at 8 n.3. In reaching its conclusion, the majority fails to mention an additional portion of the offense report, which shows that appellant indeed was traveling in the inside westbound lane, in the same area where

4

Officer Davis observed traffic congestion. As reflected in the report, Officer Davis specifically stated:

> Initiation of the traffic stop required utilizing the rear emergency lights on the patrol vehicle to allow a safe lane change of my patrol vehicle, from the center to the inside lane. The driver of the Chevrolet sedan immediately yielded to the inside shoulder.

Officer Davis expressly stated in his offense report that he saw traffic congestion in the inside lane. This was the same lane in which Officer Davis observed the vehicle in question traveling 52 miles per hour and impeding traffic. In cases in which courts have refused to find a violation of section 545.36(a), courts have pointed to a lack of evidence concerning traffic conditions at the time of the traffic stop. *See, e.g.*, *Gonzales*, 276 S.W.3d at 94 (finding no evidence existed to conclude normal and reasonable flow of traffic was impeded by appellant's driving when officer could not recall traffic conditions at time of traffic stop); *Davy*, 67 S.W.3d 382 at 393 (holding evidence was factually insufficient to support traffic stop based on reasonable suspicion when no other cars were in area when officer stopped appellant). These cases are factually distinguishable because, in the case under review, Officer Davis expressly stated that he observed moderate traffic volume and traffic congestion in the inside, westbound lane when he stopped the vehicle for impeding traffic by driving 52 miles per hour in the inside lane.

The majority cites to *Ford v. State*, a case in which the Court of Criminal Appeals reversed a trial court's finding of reasonable suspicion because there was a lack of specific, articulable facts. *See* 158 S.W.3d at 488. But, the facts of *Ford*

differ in notable ways from the facts before this court. In *Ford*, the officer's only testimony was that the appellant was "following too close" behind another vehicle. *Id.* at 491. Without more specific, articulable facts, the *Ford* court reasoned, the officer's testimony was conclusory and insufficient to objectively determine that appellant was violating a traffic law. *Id.* at 493. In today's case, Officer Davis stated not only that he observed traffic congestion in the inside, westbound lane, but also that the vehicle was impeding traffic by driving too slowly, specifically, 13 miles per hour below the speed limit. Further, Officer Davis stated that traffic volume was moderate and he initiated the traffic stop after moving from the center to the inside lane, where the vehicle proceeded to move to the inside shoulder. Unlike the scenario in *Ford*, the record in today's case contains specific facts allowing the trial court to determine the circumstances upon which Officer Davis reasonably could conclude that the driver of the vehicle was violating a traffic law.

## CONCLUSION

In sum, the evidence in the record supports the trial court's conclusion that Officer Davis had reasonable suspicion to initiate a traffic stop. Because the traffic stop was based on Officer Davis's observation that the vehicle in which appellant was riding was moving slowly and impeding traffic, there was no basis for suppressing evidence obtained during the search of the vehicle. *See Moreno v. State*, 124 S.W.3d 339, 346–47 (Tex. App.—Corpus Christi 2003, no pet.) (upholding trial court's implicit denial of motion to suppress after finding probable cause existed for impeding-traffic violation based on arresting officer's observation that appellant was driving 25 miles per hour in a 45 miles-per-hour zone in an area

6

with medium to heavy traffic.) The trial court did not err in overruling appellant's motion to suppress and its ruling should be upheld. *See Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) ("The court of appeals was obligated to uphold the trial court's ruling on appellant's motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case."). Accordingly, this court should overrule appellant's sole issue and affirm the trial court's judgment.


/s/    Kem Thompson Frost
Justice


Panel consists of Justices Frost, Seymore, and Jamison. (Jamison, J., majority).

Publish — TEX. R. APP. P. 47.2(b).